**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| YVONNE RIVERA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:20-cv-13374-GAD-KGA |
| | ) | |
| v. | ) | |
| | ) | |
| SYNCHRONY FINANCIAL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT SYNCHRONY BANK'S ANSWER, AFFIRMATIVE DEFENSES AND RELIANCE ON JURY DEMAND TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant, Synchrony Bank ("Synchrony"), Incorrectly sued as Synchrony Financial, by and through Alan J. Taylor of Segal McCambridge Singer & Mahoney Ltd, files its Answer, Affirmative Defenses and Reliance on Jury Demand to Plaintiff's First Amended Complaint ("Complaint") stating as follows:

In answering the First Amended Complaint, Synchrony states that it is responding to allegations on behalf of itself only. Synchrony denies any and all allegations not specifically admitted herein.

## INTRODUCTION

1. The allegations set forth in Paragraph 1 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony lacks

knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and, therefore, denies the allegations.

2. The allegations set forth in Paragraph 2 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony denies the allegations in Paragraph 2.

3. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 3 and, therefore, denies the allegations.

4. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 4 and, therefore, denies the allegations. By way of further response, Synchrony denies that Plaintiff is entitled to any relief sought against Synchrony.

## JURISDICTION AND VENUE

5. The allegations set forth in Paragraph 5 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony admits that this Court has jurisdiction over Plaintiff's claims.

6. The allegations set forth in Paragraph 6 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony admits that this Court has jurisdiction over Plaintiff's claims.

7. The allegations set forth in Paragraph 7 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony admits that this Court has jurisdiction over Plaintiff's claims.

8. The allegations set forth in Paragraph 8 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and, therefore, denies the allegations.

9. The allegations set forth in Paragraph 9 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and, therefore, denies the allegations.

10. The allegations set forth in Paragraph 10 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and, therefore, denies the allegations.

**PARTIES**

11. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 11 and, therefore, denies the allegations.

12. The allegations set forth in Paragraph 12 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony responds only that it is a federal savings bank headquartered in Utah. Synchrony denies the remaining allegations in Paragraph 12.

13. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 13 and, therefore, denies the allegations.

14. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 14 and, therefore, denies the allegations.

15. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 15 and, therefore, denies the allegations.

16. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 16 and, therefore, denies the allegations.

## STATEMENT OF FACTS

17. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 17 and, therefore, denies the allegations.

18. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 18 and, therefore, denies the allegations.

19. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 19 and, therefore, denies the allegations.

20. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 20 and, therefore, denies the allegations.

21. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 21 and, therefore, denies the allegations.

22. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 22 and, therefore, denies the allegations.

23. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 23 and, therefore, denies the allegations.

24. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 24 and, therefore, denies the allegations.

25. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 25 and, therefore, denies the allegations.

26. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 26 and, therefore, denies the allegations.

27. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 27 and, therefore, denies the allegations.

28. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 28 and, therefore, denies the allegations. Furthermore, to the extent that the allegations in Paragraph 28 reference a written document, Synchrony denies the allegations to the extent that the allegations are inconsistent with that written document.

29. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 29 and, therefore, denies the allegations. Furthermore, to the extent that the allegations in Paragraph 29 reference a written document, Synchrony denies the allegations to the extent that the allegations are inconsistent with that written document.

30. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 30 and, therefore, denies the allegations. Furthermore, to the extent that the allegations in Paragraph 30 reference a written document, Synchrony denies the allegations to the extent that the allegations are inconsistent with that written document.

31. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 31 and, therefore, denies the allegations.

32. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 32 and, therefore, denies the allegations. Furthermore, to the extent that the allegations in Paragraph 32 reference a written document, Synchrony denies the allegations to the extent that the allegations are inconsistent with that written document.

33. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 33 and, therefore, denies the allegations.

34. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 34 and, therefore, denies the allegations.

35. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 35 and, therefore, denies the allegations.

36. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 36 and, therefore, denies the allegations.

37. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 37 and, therefore, denies the allegations.

38 Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 38 and, therefore, denies the allegations. Furthermore, to the extent that the allegations in Paragraph 38 reference a written document, Synchrony denies the allegations to the extent that the allegations are inconsistent with that written document.

39. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 39 and, therefore, denies the allegations. Furthermore, to the extent that the allegations in Paragraph 39 reference a written document, Synchrony denies the allegations to extent that the allegations are inconsistent with that written document.

40. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 40 and, therefore, denies the allegations. Furthermore, to the extent that the allegations in Paragraph 40 reference a written document, Synchrony denies the allegations to extent that the allegations are inconsistent with that written document.

41. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 41 and, therefore, denies the allegations. Furthermore, to the extent that the allegations in Paragraph 41 reference a written document, Synchrony denies the allegations to extent that the allegations are inconsistent with that written document.

42. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 42 and, therefore, denies the allegations.

43. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 43 and, therefore, denies the

allegations. Furthermore, to the extent that the allegations in Paragraph 43 reference a written document, Synchrony denies the allegations to the extent that the allegations are inconsistent with that written document.

44. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 44 and, therefore, denies the allegations.

45. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 45 and, therefore, denies the allegations. Furthermore, to the extent that the allegations in Paragraph 45 reference a written document, Synchrony denies the allegations to the extent that the allegations are inconsistent with that written document.

46. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 46 and, therefore, denies the allegations.

47. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 47 and, therefore, denies the allegations.

48. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 48 and, therefore, denies the allegations.

49. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 49 and, therefore, denies the allegations.

50. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 50 and, therefore, denies the allegations. Furthermore, to the extent that the allegations in Paragraph 50 reference a written document, Synchrony denies the allegations to the extent that the allegations are inconsistent with that written document.

51. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 51 and, therefore, denies the allegations. Furthermore, to the extent that the allegations in Paragraph 51 reference a written document, Synchrony denies the allegations to the extent that the allegations are inconsistent with that written document.

52. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 52 and, therefore, denies the allegations. Furthermore, to the extent that the allegations in Paragraph 52 reference a written document, Synchrony denies the allegations to the extent that the allegations are inconsistent with that written document.

53. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 53 and, therefore, denies the

allegations. Furthermore, to the extent that the allegations in Paragraph 53 reference a written document, Synchrony denies the allegations to the extent that the allegations are inconsistent with that written document.

54. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 54 and, therefore, denies the allegations.

55. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 55 and, therefore, denies the allegations.

56. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 56 and, therefore, denies the allegations.

57. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 57 and, therefore, denies the allegations.

58. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 58 and, therefore, denies the allegations.

59. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 59 and, therefore, denies the allegations.

60. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 60 and, therefore, denies the allegations.

61. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 61 and, therefore, denies the allegations.

62. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 62 and, therefore, denies the allegations.

63. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 63 and, therefore, denies the allegations.

64. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 64 and, therefore, denies the allegations.

65. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 65 and, therefore, denies the allegations.

66. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 66 and, therefore, denies the allegations.

67. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 67 and, therefore, denies the allegations.

68. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 68 and, therefore, denies the allegations.

69. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 69 and, therefore, denies the allegations.

70. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 70 and, therefore, denies the allegations.

71. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 71 and, therefore, denies the allegations.

**COUNT I – VIOLATION OF FAIR CREDIT BILLING ACT (FCBA) 15 U.S.C. §§ 1666-1666j**

72. Synchrony incorporates by reference its responses to the preceding Paragraphs of its Answer as though fully stated herein.

73. The allegations set forth in Paragraph 73 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony denies the allegations.

74. The allegations set forth in Paragraph 74 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony denies the allegations.

75. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 75 and, therefore, denies the allegations. Furthermore, to the extent that the allegations in Paragraph 75 reference a written document, Synchrony denies the allegations to the extent that the allegations are inconsistent with that written document.

76. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 76 and, therefore, denies the allegations. Furthermore, to the extent that the allegations in Paragraph 76 reference

a written document, Synchrony denies the allegations to the extent that the allegations are inconsistent with that written document.

77. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 77 and, therefore, denies the allegations. Furthermore, to the extent that the allegations in Paragraph 77 reference a written document, Synchrony denies the allegations to the extent that the allegations are inconsistent with that written document.

78. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 78 and, therefore, denies the allegations. Furthermore, to the extent that the allegations in Paragraph 78 reference a written document, Synchrony denies the allegations to the extent that the allegations are inconsistent with that written document.

79. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 79 and, therefore, denies the allegations. Furthermore, to the extent that the allegations in Paragraph 79 reference a written document, Synchrony denies the allegations to the extent that the allegations are inconsistent with that written document.

80. The allegations set forth in Paragraph 80 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony denies the allegations.

81. The allegations set forth in Paragraph 81 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony denies the allegations.

82. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 82 and, therefore, denies the allegations. Furthermore, to the extent that the allegations in Paragraph 82 reference a written document, Synchrony denies the allegations to the extent that t the allegations are inconsistent with that written document.

83. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 83 and, therefore, denies the allegations. Furthermore, to the extent that the allegations in Paragraph 83 reference a written document, Synchrony denies the allegations to the extent that the allegations are inconsistent with that written document.

84. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 84 and, therefore, denies the allegations.

85. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 85 and, therefore, denies the allegations.

86. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 86 and, therefore, denies the allegations.

87. The allegations set forth in Paragraph 87 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony denies the allegations.

88. The allegations set forth in Paragraph 88 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony denies the allegations.

89. The allegations set forth in Paragraph 89 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony denies the allegations.

**COUNT II – VIOLATION OF MICHIGAN MOTOR VEHICLE SERVICE AND REPAIR ACT, MICH. COMP. LAWS 257.1307a**
**(All Defendants)**

90. Synchrony incorporates by reference its responses to the preceding Paragraphs of its Answer as though fully stated herein.

91. The allegations set forth in Paragraph 91 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony denies the allegations.

92. The allegations set forth in Paragraph 92 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony denies the allegations.

93. The allegations set forth in Paragraph 93 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony denies the allegations.

94. The allegations set forth in Paragraph 94 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony denies the allegations.

95. The allegations set forth in Paragraph 95 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony denies the allegations.

96. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 96 and, therefore, denies the allegations.

97. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 97 and, therefore, denies the allegations. Furthermore, to the extent that the allegations in Paragraph 97 reference a written document, Synchrony denies the allegations to the extent that the allegations are inconsistent with that written document.

98. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 98 and, therefore, denies the allegations.

99. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 99 and, therefore, denies the allegations. Furthermore, to the extent that the allegations in Paragraph 99 reference a written document, Synchrony denies the allegations to the extent that the allegations are inconsistent with that written document.

100. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 100 and, therefore, denies the allegations.

101. The allegations set forth in Paragraph 101 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony denies the allegations.

102. The allegations set forth in Paragraph 102 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony denies the allegations.

103. The allegations set forth in Paragraph 103 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony denies the allegations.

104. The allegations set forth in Paragraph 104 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony denies the allegations.

**COUNT III – VIOLATION OF MICHIGAN MOTOR VEHICLE SERVICE AND REPAIR ACT MICH. COMP. LAWS 257.1307e**
**(All Defendants)**

105. Synchrony incorporates by reference its responses to the preceding Paragraphs of its Answer as though fully stated herein.

106. The allegations set forth in Paragraph 106 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony denies the allegations.

107. The allegations set forth in Paragraph 107 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony denies the allegations.

108. The allegations set forth in Paragraph 108 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony denies the allegations.

109. The allegations set forth in Paragraph 109 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony denies the allegations.

110. The allegations set forth in Paragraph 110 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony denies the allegations.

111. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 111 and, therefore, denies the allegations.

112. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 112 and, therefore, denies the allegations. Furthermore, to the extent that the allegations in Paragraph 112 reference a written document, Synchrony denies the allegations to the extent that the allegations are inconsistent with that written document.

113. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 113 and, therefore, denies the allegations.

114. The allegations set forth in Paragraph 114 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony denies the allegations.

115. The allegations set forth in Paragraph 115 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony denies the allegations.

116. The allegations set forth in Paragraph 116 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony denies the allegations.

117. The allegations set forth in Paragraph 117 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony denies the allegations.

118. The allegations set forth in Paragraph 118 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony denies the allegations.

119. The allegations set forth in Paragraph 119 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony denies the allegations.

120. The allegations set forth in Paragraph 120 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony denies the allegations.

**COUNT IV – VIOLATION OF MICHIGAN CREDIT SERVICES PROTECTION ACT MICH. COMP. LAWS 445.1823**
**(All Defendants)**

121. Synchrony incorporates by reference its responses to the preceding Paragraphs of its Answer as though fully stated herein.

122. The allegations set forth in Paragraph 122 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony denies the allegations.

123. The allegations set forth in Paragraph 123 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony denies the allegations.

124. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 124 and, therefore, denies the allegations.

125. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 125 and, therefore, denies the allegations.

126. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 126 and, therefore, denies the allegations.

127. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 127 and, therefore, denies the allegations.

128. Synchrony is without sufficient knowledge and or information to form a belief as to the truth of the allegations in Paragraph 128 and, therefore, denies the allegations.

129. The allegations set forth in Paragraph 129 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony denies the allegations.

130. The allegations set forth in Paragraph 130 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony denies the allegations.

131. The allegations set forth in Paragraph 131 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony denies the allegations.

132. The allegations set forth in Paragraph 132 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony denies the allegations.

133. The allegations set forth in Paragraph 133 constitute conclusions of law to which no response is required. To the extent that a response is required, Synchrony denies the allegations.

**COUNT V – FRAUDULENT MISREPRESENTATION**
**(Defendant Detroit Tire)**

134. Synchrony incorporates by reference its responses to the preceding Paragraphs of its Answer as though fully stated herein.

135. The allegations in Paragraph 135 are not directed towards Synchrony, therefore no response is required. To the extent that a response is required, Synchrony denies the denies the allegations in Paragraph 135.

136. The allegations in Paragraph 136 are not directed towards Synchrony, therefore no response is required. To the extent that a response is required, Synchrony denies the denies the allegations in Paragraph 136.

137. The allegations in Paragraph 137 are not directed towards Synchrony, therefore no response is required. To the extent that a response is required, Synchrony denies the denies the allegations in Paragraph 137.

138. The allegations in Paragraph 138 are not directed towards Synchrony, therefore no response is required. To the extent that a response is required, Synchrony denies the denies the allegations in Paragraph 138.

139. The allegations in Paragraph 139 are not directed towards Synchrony, therefore no response is required. To the extent that a response is required, Synchrony denies the denies the allegations in Paragraph 139.

140. The allegations in Paragraph 141 are not directed towards Synchrony, therefore no response is required. To the extent that a response is required, Synchrony denies the denies the allegations in Paragraph 141.

141. The allegations in Paragraph 141 are not directed towards Synchrony, therefore no response is required. To the extent that a response is required, Synchrony denies the denies the allegations in Paragraph 141.

142. The allegations in Paragraph 142 are not directed towards Synchrony, therefore no response is required. To the extent that a response is required, Synchrony denies the denies the allegations in Paragraph 142.

143. The allegations in Paragraph 143 are not directed towards Synchrony, therefore no response is required. To the extent that a response is required, Synchrony denies the denies the allegations in Paragraph 143.

144. The allegations in Paragraph 144 are not directed towards Synchrony, therefore no response is required. To the extent that a response is required, Synchrony denies the denies the allegations in Paragraph 144.

## DEFENSES AND AFFIRMATIVE DEFENSES

Synchrony hereby alleges the following separate and distinct defenses and affirmative defenses without conceding that it necessarily bears the burden of proof or persuasion on any of the same.

### FIRST DEFENSE
(Failure to State a Claim)

The First Amended Complaint, and each claim therein, fails to set forth facts sufficient to state a claim against Synchrony.

**SECOND AFFIRMATIVE DEFENSE**
(Waiver)

Plaintiff's claims are barred by the equitable doctrine of waiver.

**THIRD AFFIRMATIVE DEFENSE**
(Consent/Acquiescence/Ratification)

Plaintiff acquiesced in, consented to and/or ratified the acts and omissions alleged in the First Amended Complaint.

**FOURTH AFFIRMATIVE DEFENSE**
(Statute of Limitations)

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

**FIFTH AFFIRMATIVE DEFENSE**
(Consistent with Law and Applicable Regulations)

The First Amended Complaint and each claim set forth therein are barred because Synchrony's conduct was consistent with all applicable laws and regulations.

**SIXTH AFFIRMATIVE DEFENSE**
(Good Faith)

Plaintiff's claims are barred because Synchrony's conduct was at all times undertaken in good faith.

**SEVENTH AFFIRMATIVE DEFENSE**
(Mistake)

Any alleged acts or omissions of Synchrony that give rise to Plaintiff's claims are the result of innocent mistake and/or bona fide error despite reasonable procedures implemented by Synchrony.

**EIGHTH AFFIRMATIVE DEFENSE**
(No Causation)

Plaintiff is barred, in whole or in part, from recovering from Synchrony on any of Plaintiff's claims because there is no causal relationship between any injury alleged to have been suffered and any act of Synchrony.

**NINTH DEFENSE**
(Fault of Plaintiff)

If Plaintiff suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of Plaintiff, and not by Synchrony.

**TENTH AFFIRMATIVE DEFENSE**
(Fault of Others)

If Plaintiff suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of others, and not by Synchrony.

**ELEVENTH DEFENSE**
(No Damages)

Plaintiff did not suffer any damages.

**TWELFTH DEFENSE**
(Speculative Damages)

Plaintiff's alleged damages are speculative and not capable of being determined with reasonable certainty.

**THIRTEENTH DEFENSE**
(Mitigation)

Plaintiff's claims are barred, in whole or in part, by the failure to exercise reasonable care to mitigate Plaintiff's alleged damages, if any.

**FOURTHEENTH DEFENSE**
(No Concrete Injury)

Plaintiff suffered no actual "concrete" injury and therefore lacks Article III standing. *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540 (2016).

**FIFTEENTH DEFENSE**
(Limitation of Liability)

Plaintiff's claims against Synchrony are subject to the limitations of liability imposed by 15 U.S.C. 1666i(b).

**SIXTEENTH AFFIRMATIVE DEFENSE**
(Arbitration)

Some or all of Plaintiff's claims may be subject to arbitration in accordance with the terms and conditions of the account and Synchrony reserves the right to compel arbitration pursuant to the terms and conditions of the applicable contractual

agreements and/or account terms and conditions.

**SEVENTEENTH AFFIRMATIVE DEFENSE**
(Additional Defenses Reserved)

Synchrony has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as-yet unstated, defenses available. Synchrony expressly reserves the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

**RELIANCE ON JURY DEMAND**

Defendant, Synchrony Bank ("Synchrony"), Incorrectly sued as Synchrony Financial, by and through Alan J. Taylor of Segal McCambridge Singer & Mahoney Ltd, hereby relies upon the jury demand previously filed in this matter.

WHEREFORE, Defendant, Synchrony Bank ("Synchrony"), Incorrectly sued as Synchrony Financial, respectfully requests that the Court dismiss Plaintiff's First Amended Complaint and provide Synchrony such other and further relief as the Court deems to be equitable and just.

Dated: April 21, 2021

*/s/ Alan J. Taylor*
Alan J. Taylor (P51660)
Segal McCambridge Singer & Mahoney
29100 Northwestern Hwy, Suite 240
Southfield, Michigan 48034
ataylor@smsm.com
Tel: 248-994-0060

*Attorney for Defendant Synchrony Bank*

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| YVONNE RIVERA, | ) | |
| Plaintiff, | ) | Case No. 2:20-cv-13374-GAD-KGA |
| v. | ) | |
| SYNCHRONY FINANCIAL, et al., | ) | |
| Defendants. | ) | |

**PROOF OF SERVICE**

The undersigned certifies that she served a true copy of **Synchrony Bank's Answer, Affirmative Defenses and Reliance on Jury Demand to Plaintiff's First Amended Complaint** upon all parties to the above cause by sending same by CM/ECF on April 21, 2021.

*/s/ Jennifer Ambriz*
Jennifer Ambriz